COSMOS FORMS LTD., Plaintiff,

v.

The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant,

The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Plaintiff–Appellant,

v.

Judith GOLDFINGER, Defendant–Appellee,

Israel Braun, Defendant.

No. 847, Docket 95–7897.

United States Court of Appeals, Second Circuit.

Argued March 25, 1997.

Decided April 29, 1997.

Robert D. Meade, White Plains, NY (Bleakley, Platt & Schmidt, White Plains, NY, on the brief), for Plaintiff–Appellant.

Franklin B. Mandel, New York City, for Defendant–Appellee.

Before: NEWMAN, Chief Judge, MINER and GODBOLD [1], Circuit Judges.

GODBOLD, Circuit Judge:

In this civil RICO case the district court granted summary judgment for the defendant, Judith Goldfinger, a salesperson for Cosmos Forms, Inc., ("Cosmos"), a vendor of printed business forms. Many of the material facts are disputed. There is evidence, however, tending to show the following. Guardian Life Insurance Company of America, ("Guardian"), was a purchaser of printed forms from Cosmos. There was a bargain between defendant Goldfinger and Lorraine Calderrazo, an employee of Guardian's purchasing department. Pursuant thereto Calderrazo would place purchase orders with Cosmos at specified prices. Forms ordered would be invoiced to Guardian by Cosmos at inflated prices. Calderrazo would alter the payment control records of Guardian (including jimmying its computer entries) to reflect the inflated prices, and Guardian would pay Cosmos accordingly. For her part in this scheme Calderrazo received from Goldfinger cash payments, jewelry, a mink coat, and other gifts. Some of the falsely altered orders, by agreement between Calderrazo and Goldfinger, were overpriced as rush orders when in fact they were routine.

Guardian brought a civil RICO suit against Goldfinger, 18 U.S.C. § 1961(1), alleging mail fraud in violation of 18 U.S.C. § 1341 as the predicate acts to establish a RICO pattern of racketeering. Guardian alleged that the inflated invoices were mailed.

**1.** Of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Calderrazo pleaded guilty in state court to grand larceny. In a criminal trial of Goldfinger, Calderrazo gave testimony tending to free Goldfinger of responsibility but inconsistent with testimony that she had previously given before a grand jury, and Goldfinger was acquitted.

■ The district court granted summary judgment to Goldfinger on the grounds that the record before it showed no threat of continuity and no pattern of racketeering acts, and it dismissed the case. We reverse because the record presents disputed issues of material fact concerning the existence of a RICO pattern.[2]

■ A RICO plaintiff is required to show a pattern of at least two predicate acts committed within a ten year period. *See H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237, 109 S.Ct. 2893, 2899–2900, 106 L.Ed.2d 195 (1989). Guardian has come forward with evidence of approximately seventy acts spread over almost two years. The predicate acts must be related and must reveal continued, or the threat of continued, unlawful conduct. *See id.* at 239, 109 S.Ct. at 2900–2901. These requirements of relationship and continuity prevent the application of RICO to isolated or sporadic criminal acts. Relationship may be established by proof of "criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240, 109 S.Ct. at 2901 (internal quotation omitted).

■ There is evidence in this case tending to show that the acts were not sporadic or isolated. *See United States v. Indelicato*, 865 F.2d 1370, 1383 (2d Cir.1989) (in banc). Evidence indicates that the purposes, results, participants, and methods of commission of the alleged acts are the same. A relationship to show the existence of a pattern is indicated by temporal proximity of the acts, by common goal, methodology, and their repetition. The repetitions are numerous. Each of the acts involved inflation of price, to the

benefit of Cosmos, done by bargain between Calderrazo and Cosmos's salesperson. The time span is lengthy. There is only one victim, but that does not, by itself, preclude a RICO pattern. The requirement of continuity is met since the unlawful acts recurred with regularity over at least fifteen months, and the open-ended activity stopped only when an especially large price variation in a single order surfaced (60,000 forms, priced at $103.62 per thousand, billed and paid for at $1,003.62 per thousand, an overcharge of more or less $60,000). Guardian then instigated an investigation of all of its purchases from Cosmos.

■ The parties dispute whether the alleged predicate acts involved use of the mails, and presented conflicting affidavits on this issue. 18 U.S.C. § 1961(1)(A); *see also Beauford v. Helmsley*, 865 F.2d 1386, 1392 (2d Cir.) (in banc), *vacated for further consideration*, 492 U.S. 914, 109 S.Ct. 3236, 106 L.Ed.2d 584, *original decision adhered to*, 893 F.2d 1433 (2d Cir.1989). This is an issue for the district court.

We do not hold or imply what a finder of fact will conclude in this case. What we do hold is that summary judgment was improvidently granted.

REVERSED AND REMANDED.

---

**2.** The district court described the case as "at best a breach of contract case." Certainly it was not that.